UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. EICHAKER,

       Plaintiff,

v.

Case No. 1:12-CV-1350

HON. ROBERT HOLMES BELL

VILLAGE OF VICKSBURG,

       Defendant.

                             /

## **O P I N I O N**

      This is an action alleging discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. On January 8, 2015, the Court entered an opinion, order and judgment denying Plaintiff David Eichaker's motion for partial summary judgment (ECF No. 67), granting Defendant Village of Vicksburg's motion for summary judgment (ECF No. 69), and entering judgment in favor of Defendant. In an opinion filed on October 5, 2015, the Court of Appeals for the Sixth Circuit reversed the Court's opinion and order in part, and remanded the matter to this Court for further proceedings. *Eichaker v. Village of Vicksburg*, No. 15-1128, 2015 WL 5827540 (6th Cir. Oct. 5, 2015). Before the Court are the foregoing motions and the issues that remain to be addressed after remand. For the reasons that follow, Plaintiff's motion for partial summary judgment will be denied, and Defendant's motion for summary judgment will be granted in part and denied in part.

# I.

The facts underlying Plaintiff's action are fully set forth in the Court's January 8, 2015 Opinion. In short, Plaintiff alleges several ways in which he was improperly discriminated or retaliated against by Defendant because of his military service, in violation of USERRA:

> A. Demoting him and not returning him to his prior position;
> B. Reducing his pay;
> C. Eliminating his seniority;
> D. Reprimanding and disciplining him;
> E. Refusing to respond to his complaints of harassment;
> F. Deducting monies for health insurance and other items without his permission;
> G. Not promoting him to police chief;
> H. Not granting him a leave of absence;
> I. Threatening to terminate him.

(Compl. ¶ 52, ECF No. 1.) Plaintiff also alleges that Defendant refused to allow him to work in a funeral procession for a soldier killed in Afghanistan, in retaliation for Plaintiff's military leave and his complaints about retaliation. (*Id.* ¶ 35.) This Court granted Defendant's motion for summary judgment as to all of Plaintiff's claims, but the Sixth Circuit held that several of the claims survive summary judgment. It also indicated that two other claims should be addressed on remand. It did not disturb this Court's opinion granting summary judgment in favor of Defendant as to the remaining claims.

**A. Surviving Claims**

Contrary to this Court's January 8, 2015 opinion, the Sixth Circuit held that Plaintiff's claims concerning the following survive Defendant's motion for summary judgment: (1) not promoting Plaintiff to police chief; (2) demoting him from lieutenant to sergeant; and

2

(3) demoting him from sergeant to patrolman. Thus, as to these claims, Defendant's motion for summary judgment will be denied.

**B. Claims to be Addressed**

The Court of Appeals also held that the Court should address the following claims: (1) billing Plaintiff for his health insurance and related benefits during his deployment to Afghanistan; and (2) not selecting Plaintiff to work the police escort for a military funeral in Vicksburg.

1. Billing Plaintiff for Benefits

Plaintiff contends that Defendant continued his health insurance, union dues, and disability insurance without his consent during a deployment to Afghanistan from November 1, 2011, to November 16, 2012, and then billed him for them.[1] Apparently, Defendant did not do this when Plaintiff took military leave on prior occasions. (*See* Compl. ¶ 38, ECF No. 1.) The Court of Appeals indicated that Plaintiff's allegations might give rise to relief under USERRA § 4311 if "the Village's provision of free health insurance during Eichaker's prior deployments was a 'practice' within the meaning of § 4302(2) . . . [and if] anti-military animus or Eichaker's efforts to invoke the Act's protections were a motivating factor in [Chief] West's decision to bill Eichaker" for this insurance. *Eichaker*, 2015 WL 5827540, at *5.

---

[1]Defendant initially took some of the payment for these benefits from Plaintiff's paid time off ("PTO") account, but then returned those funds and billed Plaintiff for them. (*See* 1/8/2015 Op. 7, ECF No. 78.)

Defendant's motion for summary judgment does not make any argument regarding this claim. It does not argue that billing Plaintiff for health insurance does not establish a retaliation claim under § 4311; instead, its motion and brief in support thereof focus on whether it properly continued Plaintiff's health insurance under 38 U.S.C. § 4317. Similarly, Plaintiff's motion for partial summary judgment focuses solely on whether Defendant's actions were proper under § 4317. This Court found, and the Court of Appeals did not disagree, that Plaintiff did not affirmatively elect to discontinue his health insurance during his deployment, and that § 4317 did not require Defendant to discontinue Plaintiff's benefits during his deployment or to inform him that they would be continued in the absence of any election on his part. (*See* 1/8/2015 Op. 20, ECF No. 78 ("USERRA [§ 4317] does not speak to a servicemember's right to discontinue coverage, nor does it prohibit an employer from continuing coverage for a servicemember who has not specifically chosen to continue it.").) As the Sixth Circuit indicated, however, Plaintiff states a possible retaliation claim under § 4311. Consequently, Defendant's motion for partial summary judgment will be denied insofar as it seeks judgment on Plaintiff's claim that he was charged for these benefits in retaliation for his protected conduct, but granted insofar as Plaintiff alleges a violation of § 4317. Similarly, because Plaintiff's motion for partial summary judgment is based on a violation of § 4317, it will be denied. In other words, the claim survives summary judgment as a violation of § 4311, not as a violation of § 4317.

2. Police Escort

Plaintiff also contends that Chief West did not select him to work at a funeral service in Vicksburg for a village resident. West selected other officers who lived farther away from Vicksburg than Plaintiff, including reserve officers and other officers who were not scheduled to work that day. West did not ask Plaintiff to participate because he believed that Plaintiff was a "disgruntled employee" and was worried that Plaintiff would disrupt the service, though West could not identify any instances in which Plaintiff had acted inconsistent with his duties as a result of being "disgruntled." (West Dep. 122-24, ECF No. 74-28.) The funeral occurred in October 2011, several months after Plaintiff complained that he lost benefits as a result of being improperly demoted in violation of USERRA. Based on the comments of Chief West in his deposition testimony and the timing of his decision, a jury could find that his decision not to call Plaintiff for duty was motivated by Plaintiff's complaints and his attempts to enforce his rights under USERRA. In order words, a jury could find that Plaintiff was denied a "benefit of employment" or discriminated against in employment as a result of his attempts to "enforce a protection" afforded by USERRA. *See* 38 U.S.C. § 4311(a)-(b). Consequently, the Court will also deny Defendant's motion for summary judgment as to this claim.

**C. Dismissed Claims**

The Sixth Circuit did not disturb this Court's determination that judgment was warranted on the following claims: reprimanding and disciplining Plaintiff (1/8/2015 Op. 16,

ECF No. 78); loss of seniority (*id.* at 17); reduction of pay (i.e., the lack of pay differential during military leave) (*id.* at 17-18); withdrawals from Plaintiff's PTO account (*id.* at 19); failure to respond to Plaintiff's complaints (*id.* at 11); failure to grant a leave of absence (*id.*); threats to terminate him (*id.*); and continuing Plaintiff's insurance and benefits during his deployment in Afghanistan in violation of § 4317 (*id.* at 20). Thus, for the reasons stated in the Court's January 8, 2015 opinion, the court will enter an order granting Defendant's motion for summary judgment, in part, as to the foregoing claims.

## II.

As indicated herein, Defendant's motion for summary judgment will be granted in part and denied in part. The following claims survive Defendant's motion for summary judgment: (1) not promoting Plaintiff to police chief; (2) demoting him from lieutenant to sergeant; (3) demoting him from sergeant to patrolman; (4) charging him for his health insurance and related benefits during his deployment to Afghanistan (as a violation of 38 U.S.C. § 4311); and (5) not selecting him to work the police escort for the military funeral in Vicksburg.

The Court will grant summary judgment in Defendant's favor as to the claims discussed in Section I.C of this Opinion, and the claim that Defendant violated 38 U.S.C. § 4317, as discussed in Section I.B of this Opinion. Plaintiff's motion for partial summary judgment will be denied.

An order will be entered that is consistent with this Opinion.

Dated: <u>January 8, 2016</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE